IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr250

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| JEFFERY EZEKIEL BECKS (10) | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of

sentence based on the retroactive amendments to the United States Sentencing Guidelines relating

to crack cocaine pro se, (Doc. No. 575), and through counsel,[1] (Doc. No. 611), and the

government's response, (Doc. No. 626).

The defendant pled guilty to conspiring to possess at least 50 but fewer than 150 grams of

cocaine base with intent to distribute and other related offenses. (Doc. No. 16: Information; Doc.

No. 104: Superseding Indictment; Doc. No. 498: Judgment at 1). The advisory guideline range

was the 240-month statutory mandatory minimum. (Presentence Report (PSR) at ¶ 69). The

government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e).

(Doc. No. 494: Motion). After granting the motion, the Court sentenced the defendant to 87

months' imprisonment. (Doc. No. 498: Judgment at 2).

_____

[1] The defendant also argues that his criminal history category should be lowered based on
other guidelines amendments or that the Court should depart from the guidelines when re-
sentencing him. (Doc. No. 617: Objection at 1). Amendment 709, relating to criminal history
scoring, is not retroactive. United States v. Wood, 526 F.3d 82, 88 (3d Cir. 2008); United States
v. Cofield, 259 Fed. Appx. 575, 576 (4th Cir. 2007); USSG §1B1.10(c) (2008). Additionally, in
reducing a sentence under 18 U.S.C. § 3582(c), a court may not depart below the amended
guideline range. USSG §1B1.10(b)(2)(A). Therefore, those objections will be overruled.

In determining whether the defendant is entitled to a further reduction under the recent amendments to the guidelines, the Court must calculate the guideline range as if the amendments had been in place at the time of sentencing. USSG §1B1.10(b)(1). If a statutory mandatory minimum exceeds the guideline range, the Court must use the statutorily required sentence as the starting point prior to considerations of departure. USSG §5G1.1(b); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). No reduction in sentence is authorized under 18 U.S.C. § 3552(c)(2) when an amendment has no effect because a statutory mandatory minimum prevents lowering the guideline range. USSG §1B1.10, comment. (n.1(A)(ii)); United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008); United States v. Robinson, No. 3:95cr178 (W.D.N.C. Aug. 22, 2008) (Whitney, J.); United States v. Thompson, 2008 WL 3853508, slip op. at 1 (W.D.N.C. Aug. 19, 2008) (Thornburg, J.); United States v. Holly, 2008 WL 2705602, slip op. at 3-4 (W.D.N.C. July 10, 2008) (Reidinger, J.); but see United States v. Foxx, 2008 WL 2986964, slip op. at 1 (W.D.N.C. July 31, 2008) (Mullen, S.J.) (calculating amended guideline range from resulting range following departure beneath mandatory minimum at original sentencing).

Here, the amended guidelines provide for a two-level reduction in offense level, but the resulting guideline range remains trumped by the 240-month mandatory minimum sentence prior to considerations of departure. Therefore, the defendant is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that the defendant's motions, (Doc. Nos. 575, 611) are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: December 15, 2008

Robert J. Conrad, Jr.
Chief United States District Judge